

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

FILED
U.S. DISTRICT COURT
2005 JUL 15 P 4: 33
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| SCOTT STEVEN BEAL, | Case No. 2:05-cv-00426-TC |
| Plaintiff, | |
| vs. | REPORT & RECOMMENDATION |
| UTAH STATE TAX COMMISSION ex rel, MARY LEWIS, MARK BAER, BEN BARNUM, DOLORES FURNESS, JOHN DOES 1-10, JANE DOES 1-10, | JUDGE TENA CAMPBELL<br><br>MAGISTRATE JUDGE BROOKE C. WELLS |
| Defendants. | |

Pursuant to 28 U.S.C. § 636(b)(1)(B), the district court referred consideration of all pre-trial matters in the above-referenced case to Magistrate Judge Brooke C. Wells. Before the court are Defendants' Motion to Quash Attempted Service of Process, see Motion, docket no. 4, and Plaintiff's Motion for Rule 55 Default Judgment. See Motion, docket no. 6.

Plaintiff, Scott Steven Beal, acting *pro se*, filed the current action bringing four claims against Defendants. This suit allegedly arises from charges brought against Plaintiff for willful failure to file income tax returns and evasion of income tax by failing to file. See Complaint p. 3.

Notwithstanding Plaintiff's allegations, Defendants argue

that service of process was legally insufficient because it failed to comply with the Federal Rules. See Motion p. 2. Defendants move this court to quash Plaintiff's attempted service of process pursuant to Rules 4(e) and 12(b)(5). See id. p. 1; Fed. R. Civ. P. 4(e), 12(b)(5). "When service of process is challenged by a defendant, the burden rests with the plaintiff to establish that service was properly made." Neely v. Eshelman, 507 F.Supp. 78, 80 (E.D. Penn. 1981). See also Fed. Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992) (stating that the plaintiff has the burden of establishing service of process); Lasky v. Lansford, 2003 WL 22147619 (10th Cir.) (affirming district court's decision to dismiss because the plaintiff failed to meet his burden of showing that service was sufficient).

At the outset, the court wishes to address Plaintiff's Motion for a Rule 55 Judgment by Default. Rule 55 states in relevant part, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or **otherwise defend** as provided by these rules . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55 (emphasis added). Under the Federal Rules, parties are permitted to defend an action by arguing "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). Here, this is exactly what Defendants have done. Therefore, there is no default and Plaintiff's Motion is DENIED.

On May 16, 2005, five copies of Plaintiff's Compalint and separate summonses were delivered by certified mail to the Utah Attorney General's Office. See Mem. in Supp. p. 2. These were signed for by Yvette Rhodes. See id. According to the affidavits before the court, neither Attorney General Mark Shurtleff or Ms. Rhodes are authorized by appointment or by law to accept service of process on behalf of the Utah State Tax Commission, or the individual named Defendants. See id. Ex. B Affidavit of Mark L. Shurtleff. Defendants represent that none of the individual named Defendants have been served a summons or a copy of the complaint. See id. Ex. C Affidavit of Sharon Zeller.

Federal Rule 4(e) provides that service of process upon an individual shall be effected "by delivering a copy of the summons and of the complaint to the individual personally or by leaving a copy thereof at the individual's dwelling house or usual place of abode with some person of suitable age . . . ." Fed. R. Civ. P. 4(e). Based on the record before the court, the court finds that none of the individual named Defendants were properly served. Furthermore, neither Mark Shurtleff or Ms. Rhodes were designated or appointed to received service of process for these individuals. See Affidavits of Mark Shurtleff and Yvette Rhodes.

Federal Rule 4(j) states: "[s]ervice upon a state, . . ., or other governmental organization subject to suit shall be effected

by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of the state . . . ." Fed. R. Civ. 4(j). Utah Rule of Civil Procedure 4(d)(1)(K) requires service upon a department or agency of the State of Utah "by delivering a copy of the summons and the complaint to any member of its governing board, or to its executive employee or secretary." Here, the Utah State Tax Commission is a department of the State of Utah. See Utah Code Ann. §§ 59-1-101 et seq. Accordingly, the court finds that the Utah State Tax Commission was not properly served.

Based on Defendants' affidavits and the record before the court, the court finds that Defendants have properly challenged the sufficiency of service of process. The court further finds that Plaintiff has failed to meet his burden of establishing service of process. Plaintiff has submitted no evidence to meet his burden save for a copy of a summons that was improperly served upon individuals not authorized to receive such service.

Although the court construes Plaintiff's pleadings liberally because he is a pro se litigant, "he nevertheless must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.3d 915, 917 (10th Cir. 1992). On June 3, 2005, Defendants filed their Motion to Quash Attempted Service of Process. Local rule 7-1(b)(3) states, "[a] memorandum opposing a

4

motion must be filed with fifteen (15) days after service of the motion or within such extended time as allowed by the court." DUCivR 7-1(b)(3). "Failure to respond timely to a motion may result in the court's granting the motion without further notice." DUCivR 7-1(d). Plaintiff has failed to file any opposition to Defendants' motion.

## RECOMMENDATION

Accordingly, based on: Defendants proper challenge to the sufficiency of service of process; Plaintiff's failure to meet his burden of establishing service of process; and Plaintiffs failure to file any opposition to Defendants' motion in the required time frame, the court HEREBY RECOMMENDS that Defendants' motion be GRANTED and the case DISMISSED. See Green, 969 F.2d at 917 (affirming dismissal of case because the plaintiff failed to file any opposition within the required time frame which violated a local rule).

DATED this 15th day of July, 2005.

BY THE COURT:

_Brooke C. Wells_
BROOKE C. WELLS
United States Magistrate Judge

5